UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| FAITH SMITH,<br><br>        *Plaintiff*,<br><br>  v.<br><br>PETER BOUKHEIR,<br><br>        *Defendant*. | Case No. 25-CV-1402 (KMK)<br><br><u>ORDER & OPINION</u> |

<u>Appearances</u>:

Barry S. Kaiser, Esq.
Law Offices of Barry S. Kaiser
Scarsdale, New York
*Counsel for Plaintiff*

Michael D. Demeola, Esq.
Walter J. Klimczak, III, Esq.
Boyle Shaughnessy Law, P.C.
Rye Brook, New York
*Counsel for Defendant*

KENNETH M. KARAS, United States District Judge:

  Faith Smith ("Plaintiff") brings this Action against Peter Boukheir ("Defendant"), seeking monetary damages as recompense for Defendant's alleged negligence. (*See* Def.'s Notice of Removal ("Notice of Removal"), Ex. A ("Compl.") ¶¶ 17, 20 (Dkt. No. 1-1).) Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), Federal Rule of Civil Procedure 12(b)(3), and the doctrine of *forum non conveniens*. (*See* Def.'s Mot. To Dismiss ("Mot. To Dismiss" or the "Motion") (Dkt. No. 17).) For the reasons explained herein, Defendant's Motion is denied.

## I.  Background

### A.  Factual Background

The following facts are drawn from Plaintiff's Complaint and are assumed to be true for the purpose of resolving the instant Motion.  *See Roe v. St. John's Univ.*, 91 F.4th 643, 651 (2d Cir. 2024).

On April 11, 2022, Plaintiff, a Connecticut resident, was driving her car on a stretch of Interstate 95 in Harrison, New York, near the border with Connecticut.  (Compl. ¶¶ 1, 9–10.) Defendant, a Massachusetts resident, rear-ended her car with his vehicle.  (*Id.* ¶¶ 2, 12.)  Plaintiff asserts that Defendant's operation of his car was negligent, and that she sustained severe personal injuries and pain and suffering as a result of the accident.  (*Id.* ¶¶ 16–17.)

### B.  Procedural Background

In December 2024, Plaintiff filed her Complaint in the Supreme Court of the State of New York, Westchester County.  (*See* Compl.)  On February 19, 2025, Defendant removed this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, based on diversity jurisdiction.  (Notice of Removal ¶¶ 3, 5.) The case was transferred and assigned to this Court on February 20, 2025.  (*See* Dkt. (Notice of Case Reassignment dated Feb. 20, 2025).)  On July 9, 2025, Defendant filed the instant Motion to Dismiss along with a supporting memorandum of law.  (*See* Mot. To Dismiss; Brief in Supp. of Mot. to Dismiss ("Def.'s Mem.") (Dkt. No. 18).)  Plaintiff filed a Memorandum in Opposition on July 11, 2025, to which Defendant replied on July 30, 2025.  (*See* Pl.'s Resp. in Opp'n to Def.'s Mot. To Dismiss ("Pl.'s Opp'n") (Dkt. No. 21); Reply Mem. in Supp. of Mot. To Dismiss ("Defs.' Reply") (Dkt. No. 22).)

## II.  Discussion

### A.  Standard of Review

#### 1. Rule 12(b)(6)

The Supreme Court has held that, while a complaint "does not need detailed factual allegations" to survive a motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks omitted, alterations adopted).  Indeed, Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id*.  (quotation marks omitted and alteration adopted).  Rather, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  Although "once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint," *id*. at 563, and a plaintiff need allege "only enough facts to state a claim to relief that is plausible on its face," *id*. at 570, if a plaintiff has not "nudged [his or her] claim[ ] across the line from conceivable to plausible, the[ ] complaint must be dismissed." *Id*.; *see also Iqbal*, 556 U.S. at 679 ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'") (citation omitted and alteration adopted) (quoting Fed. R. Civ. P. 8(a)(2))).

In considering a motion to dismiss, the Court "must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *see also Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) ("In addressing the sufficiency of a complaint we accept as true all factual allegations . . . ." (quotation marks omitted)). Further, "[f]or the purpose of resolving [a] motion to dismiss, the Court . . . draw[s] all reasonable inferences in favor of the plaintiff." *Daniel v. T & M Prot. Res., Inc.*, 992 F. Supp. 2d 302, 304 n.1 (S.D.N.Y. 2014) (citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012)). Generally, "[i]n adjudicating a Rule 12(b)(6) motion, a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (quotation marks and citation omitted).

### 2. Rule 12(b)(3)

"On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, 'the plaintiff bears the burden of establishing that venue is proper.'" *Ne. Landscape & Masonry Assocs., Inc. v. State of Conn. Dep't of Labor*, No. 14-CV-9104, 2015 WL 8492755, at *2 (S.D.N.Y. Dec. 10, 2015) (quoting *Fedele v. Harris*, 18 F. Supp. 3d 309, 316 (E.D.N.Y. 2014)). In analyzing a claim of improper venue, a court must view all facts in the light most favorable to the plaintiff. *See Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384 (2d Cir. 2007) (so construing the facts). Thus, a "court must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." *Ne. Landscape*, 2015 WL 8492755, at *2 (citation omitted and alteration adopted).

The permissible venue in this Action is determined by the general venue provision for civil actions brought in the district courts of the United States. *See* 28 U.S.C. § 1391(b). Under that statute, venue can be laid "in either (1) the district of the defendant's residence; (2) the district where a substantial part of the events giving rise to the claim occurred; or (3) if neither of those can be applied, any district where a defendant is subject to personal jurisdiction." *Ne. Landscape*, 2015 WL 8492755, at *2 (citation and quotation marks omitted). Importantly, the Second Circuit has said that courts "are required to construe the venue statute strictly." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (citing *Olberding v. Illinois Cent. R.R.*, 346 U.S. 338, 340 (1953)).

"When considering a motion to dismiss for improper venue under Rule 12(b)(3), 'the plaintiff need only make a prima facie showing of venue.'" *Dash v. Bank of Am. Corp.*, No. 18-CV-4807, 2019 WL 1780140, at *4 (S.D.N.Y. Apr. 23, 2019) (italics omitted) (quoting *Gulf Ins. Co.*, 417 F.3d at 355). "When venue is improper, [a] [c]ourt 'shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Fedele*, 18 F. Supp. 3d at 319 (quoting 28 U.S.C. § 1406(a)); *see also Daniel v. Am. Bd. of Emergency Med.,* 428 F.3d 408, 435 (2d Cir. 2005) (noting that a court must decide whether to "simply affirm dismissal on these [improper venue] grounds or, in the interest of justice, order transfer of the action to another district where jurisdiction and venue properly obtain").

B. Analysis

1. Choice of Law

Defendant argues that this Action should be dismissed on the basis that, in his view, "[t]he only true connection with New York is the happenstance that the accident occurred" in the

state, and, he claims, "all other factors used by the Court weigh in favor of applying Connecticut law." (Def.'s Mem. 4.)  Accordingly, he argues that Plaintiff's Action is time-barred and must be dismissed pursuant to Rule 12(b)(6).  (*Id.*)  The Court disagrees: New York law applies to this Action.

The basis for subject matter jurisdiction in this case is diversity of citizenship pursuant to 28 U.S.C. § 1332.  (Notice of Removal ¶ 5.)  "A federal district court sitting in diversity jurisdiction must apply the choice-of-law principles of the forum state, in this case New York." *Fargas v. Cincinnati Mach., LLC*, 986 F. Supp. 2d 420, 423 (S.D.N.Y. 2013) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496–97 (1941)); *see also Bigio v. Coca-Cola Co.*, 675 F.3d 163, 169 (2d Cir. 2012) ("In cases where jurisdiction is based on the diversity of the parties' citizenship, a federal court will apply the choice-of-law rules of the forum state, which is New York in this instance.").  "In New York . . . the first question to resolve in determining whether to undertake a choice of law analysis is whether there is an actual conflict of laws." *Fieger v. Pitney Bowes Credit Corp.*, 251 F.3d 386, 393 (2d Cir. 2001) (internal quotation marks omitted). "Absent an actual conflict between the two jurisdictions, the Court need not perform a choice-of-law analysis." *Adrien Logistics LLC v. Certain Underwriters at Lloyd's London*, 658 F. Supp. 3d 160, 165 (S.D.N.Y. 2023).  "An actual conflict exists where the applicable law from each jurisdiction provides differing rules that have the potential to affect the outcome of the case significantly." *Horton v. Greenwich Hosp.*, No. 12–CV–4436, 2014 WL 956468, at *2 n.1 (S.D.N.Y. Mar. 10, 2014).

Here, Plaintiff maintains that the New York statute of limitations for personal injury claims applies, while Defendant argues that the Court must apply the Connecticut statute of limitations for such claims instead.  (Pl.'s Opp'n 2; Def.'s Mem. 4.)  Under § 214 of the New

York Civil Practice Law and Rules ("N.Y. CPLR"), an action to recover damages for a personal injury must be brought within three years. N.Y. CPLR § 214(5). By contrast, in Connecticut, the statute of limitations for a personal injury action is two years, creating a conflict of law between the jurisdictions. Conn. Gen. Stat. Ann. § 52-584; *see also 2002 Lawrence R. Buchalter Alaska Tr. v. Philadelphia Fin. Life Assur. Co.*, 96 F. Supp. 3d 182, 200, 214 (S.D.N.Y. 2015) (finding a conflict of law where two jurisdictions had different statutes of limitations). Thus, if New York law applies, Plaintiff's claim is not time barred; by contrast, if Connecticut law applies, the claim is barred.

As a general matter, "[f]ederal courts sitting in diversity apply the forum state's statutes of limitation." *2002 Lawrence R. Buchalter Alaska Tr.*, 96 F. Supp. 3d at 200–01 (citing *Universal Trading & Inv. Co. v. Credit Suisse (Guernsey) Ltd.*, No. 12-CV-198, 2012 WL 6186598, at *6 (S.D.N.Y. Dec. 12, 2012), *aff'd*, 560 F. App'x 52 (2d Cir. 2014) (summary order)); *see also Hughes v. Equity Off. Props. Tr.*, 245 F. App'x 88, 89 (2d Cir. 2007) (summary order) (citing *Guaranty Trust Co. v. York,* 326 U.S. 99, 107–08 (1945)) (same). This default rule is subject to an exception established by New York's borrowing statute, N.Y. CPLR § 202. *See Vincent v. Money Store*, 915 F. Supp. 2d 553, 562 (S.D.N.Y. 2013) ("In diversity cases in New York, federal courts apply New York's borrowing statute, N.Y. [CPLR] § 202") (citing *Stuart v. Am. Cyanamid Co.*, 158 F.3d 622, 627 (2d Cir. 1998)); *see also Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002) (applying N.Y. CPLR § 202 in a diversity case where the forum state is New York). Section 202 provides the following guidance:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

N.Y. CPLR § 202.  The practical import of § 202 is that it "requires non-resident plaintiffs to file claims by the shorter of the statute of limitations of either (a) New York or (b) the jurisdiction where the claim accrued (in order to prevent forum shopping by time-barred claimants)." *Deutsche Zentral–Genossenchaftsbank AG v. HSBC N. Am. Holdings, Inc.*, No. 12-CV-4025, 2013 WL 6667601, at *5 (S.D.N.Y. Dec. 17, 2013); *see also BPP Ill., LLC v. Royal Bank of Scotland Grp., PLC*, No. 13-CV-638, 2013 WL 6003701, at *4 (S.D.N.Y. Nov. 13, 2013) ("Pursuant to [Section 202], when a nonresident plaintiff sues upon a cause of action that arose outside of New York, the court must apply the shorter limitations period, including all relevant tolling provisions, of either: (1) New York; or (2) the state where the cause of action accrued." (internal quotation marks omitted)) *rev'd on other grounds by BPP Illinois, LLC v. Royal Bank of Scotland Grp. PLC*, 603 F. App'x 57, 59 (2d Cir. 2015).

In the instant case, however, the cause of action did not accrue "without the state":  New York *is* the state where the cause of the action accrued.  *See* N.Y. CPLR § 202.  Therefore, the statute-of-limitations borrowing provided for in § 202 does not apply, and the Court rejects Defendant's argument that it should hold Plaintiff to Connecticut's two-year statute of limitations.  (Def.'s Mem. 5–6.)  The Court instead applies the three-year statute of limitations under New York law.  *See Keita v. United Parcel Serv.*, No. 22-CV-945, 2023 WL 2975208, at *2 (E.D.N.Y. Mar. 30, 2023) (applying New York's three-year limitation period to motor vehicle accident claim in action assertedly involving diversity jurisdiction); *see also Hall v. E. I. Du Pont De Nemours & Co.*, 345 F. Supp. 353, 385 (E.D.N.Y. 1972) (holding that, in diversity cases based on an accident occurring in a New York County, federal district court in New York is bound to apply the New York statute of limitations).  Plaintiff served Defendant with the Summons and Verified Complaint on January 21, 2025—in which she sets forth all elements of

8

her claim for negligence—within three years of the alleged injury.  (*See* Compl.)  Accordingly,

Plaintiff's action is not time-barred and Defendant's Motion pursuant to Rule 12(b)(6) is denied.

2. Venue

The Court then turns to Defendant's Motion to Dismiss for improper venue. Again, venue

is appropriate in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought . . . , any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).  Plaintiff alleges that Defendant is a resident of Massachusetts.  (Compl.

¶ 2.)  Therefore, venue is not proper in the Southern District of New York under subsection

1391(b)(1), because Defendant is not a "resident[] of the State in which the district is located."

*See Grasso v. Bakko*, 570 F. Supp. 2d 392, 397 (N.D.N.Y. 2008) ("Venue is improper under

[sub]section (1) because [the] defendant does not reside in New York."); *Saferstein v. Paul,

Mardinly, Durham, James, Flandreau & Rodger, P.C.*, 927 F. Supp. 731, 735 (S.D.N.Y. 1996)

("In the instant action, subsection 1 is not available to assert venue in the Southern District of

New York because none of the defendants resides in New York.").  Further, "[s]ubsection 3 is

not available" as a route "to assert venue because there is at least one other district—the . . .

District of [Massachusetts]—in which the action can be brought (pursuant to subsection 1)," on

the basis that Defendant resides there.  *Saferstein*, 927 F. Supp. at 735.  All that remains is

subsection (2), which requires that "a substantial part of the events or omissions giving rise to the

claim occurred, or a substantial part of the property that is the subject of the action is situated" within the District. *See* 28 U.S.C. § 1391(b)(2).

"[W]hen a plaintiff relies on [§] 1391(b)(2) to defeat a venue challenge," a district court must engage in a two-step inquiry: first, the court must "identify the nature of the claims and the alleged acts or omissions giving rise to the claims"; and second, the court must "determine whether a substantial part of the acts or omissions occurred in the district where the suit was filed." *Fedele*, 18 F. Supp. 3d at 316 (citing *Daniel*, 428 F.3d at 432); *see also Gulf Ins. Co.*, 417 F.3d at 357 ("[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere. It would be error, for instance, to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." (emphases in original)). Notwithstanding this inquiry, and despite the Court's duty to interpret the statute "strictly," *Gulf Ins. Co.*, 417 F.3d at 357, "[§] 1391(b)(2) does not restrict venue to the district in which the 'most substantial' events or omissions giving rise to a claim occurred," *Daniel*, 428 F.3d at 431–32; rather, this provision "'contemplates venue can be appropriate in more than one district' and 'permits venue in multiple judicial districts as long as a "substantial part" of the underlying events took place in those districts,'" *id.* (quoting *Gulf Ins. Co.*, 417 F.3d at 356). *See also Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 867 (2d Cir. 1992) ("[Earlier precedents'] admonition against recognizing multiple venues has been disapproved.").

Plaintiff alleges that Defendant negligently and carelessly operated his automobile when he rear-ended Plaintiff on Interstate 95 in New York. (Compl. ¶¶ 13, 16.) Defendant's conduct which gives rise to Plaintiff's claim indisputably occurred in New York. *See Prospect Cap. Corp. v. Bender*, No. 09-CV-826, 2009 WL 4907121, at *3 (S.D.N.Y. Dec. 21, 2009) ("[T]he

10

Second Circuit recently has made clear that when a court examines the question of whether venue in a forum is proper, it must focus on where the *defendant's* acts or omissions occurred." (emphasis in original) (citing *Daniel,* 428 F.3d at 432)); *see also Lahm v. Wagner*, 776 F. Supp. 114, 115 (E.D.N.Y. 1991) (holding venue was improper in the Southern District of New York and transferring the case to the Eastern District of Virginia, where Defendant's allegedly negligent driving occurred). Defendant argues that venue is improper because Plaintiff's initial medical care occurred in Connecticut. (Def.'s Mem. 8.) But, given that it is the location of *Defendant's* conduct which determines venue, where Plaintiff sought medical care is irrelevant to the analysis. Only Defendant's allegedly negligent acts on Interstate 95 bear on the venue analysis and, therefore, venue is proper in the Southern District of New York. *See Sherman v. Moore*, 86 F.R.D 471 (S.D.N.Y. 1980) (finding that, where an automobile accident arose in the Northern District of New York, venue was improper in the Southern District, in part on the basis that the claim "arose" where the defendants' conduct occurred).

### 3. Forum Non Conveniens

Defendant also argues, as part of his venue analysis, that the Court should dismiss this action on the basis of *forum non conveniens*. (Def.'s Mem. 6; Def.'s Reply 3.) The Court concludes that the doctrine of *forum non conveniens* does not apply here, and Defendant's Motion is therefore denied.

"The principle of *forum non conveniens* is simply that a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a . . . statute." *Norex Petroleum, Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 153 (2d Cir. 2005) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947) (superseded in part by statute, 28 U.S.C. § 1404(a), as recognized in *Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994))). The doctrine "has

continuing application in federal courts only in cases where the alternative forum is abroad, and perhaps in rare instances where a state or territorial court serves litigational convenience best." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007) (alteration adopted, citation and quotation marks omitted). Defendant has not demonstrated that this is one of the "rare instances where a state or territorial court serves litigational convenience best," *id.*; (*see also* Def.'s Mem.), and denial of the Motion would be justified on that ground alone. *See TigerGraph, Inc. v. Peak*, No. 20-CV-05489, 2020 WL 6161510, at *9 (N.D. Cal. Oct. 21, 2020) (explaining, in case where "defendant identifie[d] the district court for the District of Massachusetts as the adequate alternative forum," the "doctrine of *forum non conveniens* is not applicable" and therefore denying "defendant's motion to dismiss for *forum non conveniens*").[1] Defendant does not properly assert an argument under the doctrine, and thus the Court denies Defendant's request that the case be dismissed pursuant to the doctrine of *forum non conveniens*.

---

[1] In their briefing, the Parties appear, at times, to toil in quiet resistance to the Supreme Court's distinction, drawn first in *Erie Railroad Company v. Tompkins*, 304 U.S. 64 (1938), which requires that "federal courts sitting in diversity apply state substantive law and federal procedural law," *Gasperini v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). They repeatedly cite cases applying *forum non conveniens*—a procedural doctrine—from New York State courts. (*See, e.g.*, Def.'s Mem. 7–9; Pl.'s Opp'n 12–14.) *See, e.g.*, *Wentzel v. Allen Mach., Inc.*, 716 N.Y.S.2d 699, 701 (App. Div. 2000) (affirming state trial court's *forum non conveniens* determination under New York law). Although *Erie* has certainly caused headaches for generations of law students, this Court is bound to apply that doctrine and therefore would not be at liberty to follow the state-law *forum non conveniens* precedents cited by the Parties.

### III.  Conclusion

For the reasons set forth above, Defendant's Motion to Dismiss pursuant to Rule 12(b)(6), Rule 12(b)(3), and *forum non conveniens* is denied.  The Clerk of the Court is respectfully directed to terminate the pending Motion at Dkt. No. 17.

SO ORDERED.

Dated:    March 25, 2026
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge

13